[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is the first of two suits between the parties. Both involve a Sea Ray Express Cruiser owned by the named plaintiff and her father, Juan Fernandez, who later in the trial appeared by his attorney. The boat sustained damages when it struck an underwater object in the vicinity of New Haven Harbor. It was towed to the defendant's place of business in Milford Harbor for repairs. Both suits involve claims concerned the defendant's actions during the repairs. The second suit — CV93 0044953 — failed for lack of adequate service on the defendant. The first suit was then tried at length before the undersigned on July 11 and 13, 1995. Thereafter, briefs were filed by the parties September and October 1995.
The defendant is owned by Agnes Sue Associates which has CT Page 1226 three partners — Nicholas Cerino, Bruce Kuryla, Sr., and Kevin Coady. Nicholas Cerino repairs and sells boats at the Milford Wharf property, where the other two partners have facilities to service boats and store them on that property.
In 1990, the plaintiff, Juan Fernandez, bought the boat from Nicholas Cerino. However, it was not until the summer of 1991 that the boat was ready to be put into the water for cruising. The plaintiffs used it a few times and then in August, when the plaintiff, Juan Fernandez, was on a business trip, a friend of his with his permission was operating the boat and it was damaged as stated above. He called the defendant for help and an employee of the defendant came and towed the boat back to the defendant's place of business in Milford. It was taken out of the water and placed in a device so that it could be examined and worked on. The insurers of the boat were advised of the situation, examined the boat, found damage and authorized a payment of $2671.00 under the policy concerning the boat. That amount was based on a bill from the defendant made up of $1072.50 for salvaging the boat and storage of $1525 for September 18 to November 18 at $25 per day plus a state tax of $72.50. The insurance company approved one-half of the $1575 plus $72.50 or $799.00. The defendant has insisted that the amount was never paid to it, while the plaintiff, Juan Fernandez, testified that it was paid.
The trial was interrupted for one day after he had testified. Had the $799 payment in fact been made, it was obvious that he would have brought evidence in on the last day of the trial that the $799 had been paid. He did not, and the court finds as a fact that the $799 was not paid to the defendant. (See Defendant's Exhibit 5).
Under these circumstances and by 46 U.S.C. ¶ 31.342, the defendant has a maritime lien on the boat for the storage of the boat on the defendant's property after it had been salvaged and placed on the property before Nicholas Cerino started to do any work to repair the boat. This lien would allow the defendant to go to the dock where the boat was moored after its sea trials and take the boat back to its marina for holding until the maritime lien was paid off. The court finds no merit in the claims in the plaintiff's answer and counterclaim.
Accordingly,
Judgment may enter for the defendant on the complaint and for CT Page 1227 the defendant on the counterclaim.
Judgment may enter for the defendant for storage of the boat on its property for the time the boat was stored there after it was salvaged until Nicholas Cerino started to work on the boat.
Judgment may enter for the defendant for storage of the boat from the time the boat was released to the plaintiffs in October 1994 until it was finally received from the defendant's property.
Judgment may enter for any costs to what the defendant is entitled.
Thomas J. O'Sullivan Trial Referee